UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cr-00170-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICKI DILLARD CROWE,
a/k/a Vicki R. Dillard,

    Defendant.

_____

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR RECONSIDERATION
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Reconsideration **(# 103)** of this Court's November 2, 2011 Opinion and Order **(# 87)** denying the Defendant's earlier Motion to Dismiss for Selective and/or Vindictive Prosecution **(# 75)**.

In summary, the Defendant sought dismissal of the Indictment on two primary grounds: (i) selective prosecution, insofar as other individuals involved in the alleged scheme were not also prosecuted; and (ii) vindictive prosecution, insofar as the Defendant contends that the prosecution was initiated in retaliation for her filing of lawsuits against banks that were attempting to foreclose on her properties, conduct the Defendant contends is protected by the First Amendment. The Court's November 2, 2011 Opinion found both arguments to be without merit. With regard to the selective prosecution argument, the Court noted that the extent of the Defendant's involvement in the scheme was vastly greater than those of the individuals who

1

were not prosecuted.  With regard to the vindictive prosecution argument, the Court observed that the Defendant had not come forward with any evidence that demonstrated that law enforcement officials were even aware of her alleged First Amendment activities.

The instant motion seeks to respond to the latter observation – that there was no evidence that the banks against whom Ms. Crowe was filing lawsuits conveyed that information to the FBI, or that the FBI thereafter conveyed the fact of the lawsuits to the U.S. Attorney.  The motion for reconsideration seeks to remedy that defect by pointing to an e-mail from an attorney for a bank to FBI Agent Sandra Blaine, attaching a pleading from a case involving the Defendant.[1]  This, the Defendant argues, demonstrates the FBI's knowledge of the Defendant's First Amendment activities.  The Defendant then supplies her own affidavit, attesting to a meeting in December 2007 in which she met with, among others, Ms. Blaine and an Assistant U.S. Attorney, in order to "explain her activities in real estate transactions and ask them to investigate illegal activities of bankers and lenders."  At that meeting, she also "informed the gathering that she had filed lawsuits against various entities," and that Ms. Blaine indicated that she had copies of documents associated with some of the lawsuits the Defendant had filed against the banks.

Assuming, without necessarily finding, that this evidence is sufficient to establish the FBI and U.S. Attorney's <u>knowledge</u> of the Defendant's First Amendment activities prior to the decision to indict her, the showing is nevertheless insufficient to warrant either dismissal of the indictment on vindictive prosecution grounds or even further discovery with regard to that issue.

---

[1]Notably, the pleading is from a lawsuit in which Ms. Dillard is a <u>defendant</u>, not one which discloses that she was affirmatively asserting claims against the banks.

There is a presumption that a prosecutor has acted in good faith in exercising the decision to bring charges, and thus, a defendant seeking discovery in support of a potential vindictive prosecution claim must "come forth with some objective evidence tending to show the existence of prosecutorial vindictiveness." *U.S. v. Bucci*, 582 F.3d 108, 113 (1st Cir. 2009). Such a showing must do more than "simply identify a potential motive for prosecutorial animus"; it must "connect any vindictive animus to those making the challenged charging decisions in his case." *Id.* at 114.

Here, the Defendant has not even demonstrated a "potential motive for prosecutorial animus." Her argument appears to be that the banks, angered by her conduct in filing lawsuits against them, complained to the FBI and the U.S. Attorney, and that both the FBI and U.S. Attorney <u>shared</u> the bank's outrage at the Defendant's exercise of her First Amendment right. But the tendered evidence demonstrates nothing more than the FBI and U.S. Attorney's <u>knowledge</u> of the Defendant's lawsuits; it does not give any indication that the FBI or U.S. Attorney harbored any particular opinions with regard to the fact of such lawsuits, much less demonstrate that the FBI and U.S. Attorney shared in the banks' animus. The fact that the FBI and U.S. Attorney were aware of (or even in possession of) the Defendant's lawsuits is not inherently probative of animus, and indeed, the most logical inference to be drawn from such awareness is that the FBI and U.S. Attorney believed that such lawsuits might contain evidence that would assist in the Defendant's prosecution. Nothing in the record is sufficient to overcome the presumption that the prosecutorial decision was made in good faith.

Accordingly, the Defendant's Motion for Reconsideration is **GRANTED IN PART**, insofar as the Court has reconsidered its prior ruling in light of the additional tendered evidence,

and **DENIED IN PART**, insofar as the Court finds that the Motion to Dismiss the Indictment is properly denied.

Dated this 16th day of December, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge